UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT HODGE,

    Plaintiff,

v.

MASTEC, INC.

    Defendant.
_____/

Case No.: 3:13-cv-693-J-32TEM

JURY DEMAND

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT HODGE, (hereinafter, "Plaintiff" or "Hodge") through his attorney, sues Defendant, MASTEC INC., (hereinafter, "Defendant" or "MasTec") as follows:

### Nature of the Action

1. This is an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.* and the Florida Civil Rights Act ("FCRA"), § 760.10, *et seq.*, *Florida Statutes*, for age discrimination due to MasTec's wrongful termination of Hodge because of his age.

### Parties

2. Hodge, age 60, is an individual residing in Jacksonville, Florida.

3. At all relevant times, Hodge was an employee of MASTEC.

4. Upon information and belief, MASTEC is a Florida for profit corporation with its principal place of business in Coral Gables, Florida.

5. At all times relevant to the allegations in this Complaint, MASTEC

operated from a facility in Jacksonville, Florida.

6. MASTEC is principally engaged in the business of engineering, building, installing, maintaining and upgrading of infrastructure for energy, communications, utility and government customers throughout the United States.

7. At all relevant times, MASTEC employed more than 50 people within a 75-mile radius.

### Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter involves a federal question based upon the ADEA.

9. The Middle District of Florida, Jacksonville Division is the proper venue for this action pursuant to 28 U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division where Hodge resides and the District and Division within which a substantial part of the events or omissions giving rise to the claims herein occurred.

### Procedural Prerequisites

10. On November 13, 2012, Hodge filed a charge of discrimination against MASTEC with the Equal Employment Opportunity Commission ("EEOC").

11. More than sixty (60) days have elapsed since Hodge filed his charge with the EEOC.

### Factual Background

12. Hodge was 60 years old at the time he filed his charge of discrimination.

13. Hodge worked for MASTEC for over eleven (11) years as a Field Technician Supervisor from on or about February 12, 2001 through February 23, 2012.

14. As a Field Technician Supervisor Hodge had the responsibilities of

supervising installation technicians in daily activities, providing equipment for the technicians, providing customer service assistance and numerous "paperwork" obligations.

15. In approximately January 2012, MASTEC transferred Donald Cole to be Site Manager at the Jacksonville, Florida location.

16. Upon becoming Site Manager in Jacksonville, Cole fired three (3) Field Techniciain Supervisors. All three (3) employees were in the protected age class as defined by the ADEA and were subsequently replaced by substantially younger people.

17. In approximately January 2012, MASTEC implemented a pattern and practice of actions which adversely impacted Hodge in a disparate manner when compared to younger employees.

18. In approximately January 2012, Hodge was given a performance evaluation despite being in the top one third (1/3) of Field Technician Supervisors.

19. Despite being in the top one-third of Field Technician Supervisors, Hodge was placed on a performance improvement plan.

20. The goal numbers Hodge was being asked to reach were very high in comparision to his normal output.

21. The goal numbers Hodge had to meet treated Hodge in a disparate manner as his team of technicians under him was disproportianately large compared to the other teams. The number of new hires on Hodge's team was also disproportiantely higher due to the large number of technicians on his team. New hires generally have lower output.

22. Despite having the largest team, largest number of novice workers and higher goals, Hodge was able to double his financial output in the following month and

was well on his way to meeting the goals set by MasTec. Hodge's output placed him in the top tier for output of all Field Technician Supervisors in the entire company.

23. On or about February 23, 2012, Site Manager Cole called Hodge into his office and told him "your performance is not good enough, we are seperating our parnership." Cole then terminated Hodge's employment with MasTec.

24. Before leaving, Hodge asked Cole why the two (2) supervisors in the office, who were younger, had much less experience, with lower numbers than his, were not being held to the same standards as Hodge. Cole responded by stating it was none of your (Hodge's) business.

25. MasTec's reasons for terminating Hodge's employment were unfounded and were pretexts for discriminatory behavior.

26. Throughout his employment with MasTec, Hodge met and/or exceeded MasTec's expectations.

27. Hodge was never written up by MasTec prior to his termination and had no history of any discipline while employed at MasTec.

28. MasTec terminated Plaintiff on February 23, 2012.

29. After MasTec terminated Hodge, it replaced him and his job functions, responsibilities and accounts to a substantially younger employee.

## COUNT I

### AGE DISCRIMINATION UNDER THE ADEA, 29 USC § 621, *et seq.*

30. Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs one (1) through twenty-nine (29) as fully set forth herein.

31. Hodge's age was the determining factor in Defendant's decision to

terminate Hodge.

32. Defendant terminated Plaintiff based on his age.

33. Defendant knowingly and willfully discriminated against Hodge on the basis of his age in violation of the ADEA.

**WHEREFORE**, Hodge respectfully requests this Honorable Court for the following relief:

Enter a judgment in favor of Plaintiff and against Defendant;

- A. For Plaintiff's back pay;
- B. For reinstatement, or in the alternative, front pay;
- C. For liquidated damages pursuant to 29 U.S.C. §626(b);
- D. For Plaintiff's Attorney's fees and costs; and
- E. For such other and further relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT II

### AGE DISCRIMINATION UNDER THE FCRA, § 760.10, *ET SEQ.* FLORIDA STATUTES

34. Plaintiff re-alleges and incorporates each and every allegation contained in Paragraphs one (1) through twenty-nine (29) as fully set forth herein.

35. Hodge's age was the determining factor in Defendant's decision to terminate Hodge.

36. Defendant terminated Hodge based on his age.

37. Defendant knowingly and willfully discriminated against Hodge on the basis of his age in violation of the FCRA, § 760.10, *et seq.*, Florida Statutes.

WHEREFORE, Hodge respectfully requests the following relief:

Entry of judgment in favor of Plaintiff and against Defendant;

- A. Back pay;

- B. Reinstatement, or in the alternative, front pay;

- C. Compensatory damages pursuant to § 760.10, *Et Seq.*, Florida Statutes;

- D. Attorneys fees and costs; and

- E. Other such relief as may be appropriate to effectuate the purposes of the FCRA.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Respectfully submitted,

**FELDMAN MORGADO, P.A.**

Date: June 13, 2013

/s/ *Dennis A. Creed, III*
Dennis A. Creed, III
Fla. Bar No. 0043618
dcreed@ffmlawgroup.com
501 N. Reo Street
Tampa, Florida 33609
Ph: (813) 639-9366
Fax: (813) 639-9376
*Attorney for Plaintiff, Robert Hodge*

6